# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Josephine W. Shelton,
Administratrix
of the Estate of
James M. Winebarger,
deceased

v.

University of Virginia et al.

May 14, 2010

Case No. CL08-56

BY JUDGE EDWARD L. HOGSHIRE

This matter came to be heard *ore tenus* on April 5, 2010, upon the Special Pleas of Sovereign Immunity filed by Defendants Hazem Mohammed Ahmed, M.D. ("Dr. Ahmed") and Kenneth Trevor Wilkes ("Dr. Wilkes"). This Court, having received evidence and argument of counsel and having further considered deposition testimony and legal memoranda of counsel and upon careful consideration thereof, makes the following findings and conclusions.

## *Findings of Fact*

During the period of James M. Winebarger's treatment and care at the University of Virginia ("UVA"), Dr. Wilkes and Dr. Ahmed were both employed by the Commonwealth of Virginia as resident physicians in training. (Dep. Tr. Dr. Wilkes, pp. 107-10; Dep. Tr. Dr. Ahmed, pp. 64-68.) At the time of Mr. Winebarger's care, Dr. Wilkes was in the first year of a four-year residency program in anesthesiology. (Dep. Tr. Dr. Wilkes, p. 15.) At the time of Mr. Winebarger's care, Dr. Ahmed was a junior

resident with approximately two years of additional training required before he would complete his residency in neurosurgery. (Dep. Tr. Dr. Ahmed, p. 64.) Dr. Ahmed was required to complete a certain number of cases to successfully complete his neurosurgery training program at UVA. (Dep. Tr. Dr. Ahmed, pp. 64-68.) Mr. Winebarger's case was one he was required to complete as part of this training. (*Id.*)

Both Dr. Wilkes and Dr. Ahmed, at all times relevant to this case, were subject to extensive state control as evidenced by the following:

(a) They did not receive any compensation other than their salary from the Commonwealth of Virginia;

(b) Their compensation was not related in any way to the number of patients they treated;

(c) They did not have the right to bill the patients they treated; they were not able to forgive any bills for patients they treated;

(d) They did not have a contractual relationship with any of the patients they treated;

(e) They were not involved in any way in billing the patients they treated;

(f) They were required to exercise judgment and discretion and did so in providing the care at issue in this case;

(g) They were, nonetheless, subject to the direction and control of the attending physicians in providing such care;

(h) In this particular case, Dr. Wilkes and Dr. Ahmed were each supervised by an attending physician, to wit Thomas Nikolaus Pajewski, M.D. ("Dr. Pajewski") and Christopher Ignatius Shaffrey, M.D. ("Dr. Shaffrey");

(i) Neither Dr. Wilkes nor Dr. Ahmed could pick and choose which patients they treated;

(j) The residency training programs at UVA determined their schedules and provided all patients for both Dr. Ahmed and Dr. Wilkes;

(k) Both Dr. Wilkes and Dr. Ahmed were required to abide by all UVA Hospital rules and regulations as well as those established by the neurosurgery and anesthesiology residency training programs;

(l) Neither of the Defendants received any compensation directly from the patients they treated. (Dep. Tr. Dr. Ahmed, pp. 64-68; Dep. Tr. Dr. Wilkes, pp. 35, 107-10.)

Dr. Wilkes, as a first-year resident, had a medical license that only allowed him to practice medicine as part of his residency training program at UVA. (Dep. Tr. Dr. Wilkes, pp. 14-15.) As a resident in training, Dr.

Wilkes was supervised by attending physicians Dr. Jager and Dr. Pajewski. (Dep. Tr. Dr. Wilkes, pp. 16-17, 35.)

Dr. Wilkes provided patient care to Mr. Winebarger in the operating room under the supervision of Dr. Pajewski as his attending physician (Dep. Tr. Dr. Wilkes, p. 35), and post-operative recovery room orders issued by Dr. Wilkes were reviewed by and subject to the oversight and approval of the attending anesthesiologist overseeing the patient. (Dep. Tr. Dr. Wilkes, pp. 49-51, 104.)

The decision to release Mr. Winebarger from the post-anesthesiology recovery unit ("PACU") was made by the nurse providing care to the patient, the resident, and the attending anesthesiologist. (Dep. Tr. Dr. Wilkes, pp. 39-40, 104.)

Dr. Ahmed was also subject to the supervision and direction of Dr. Shaffrey throughout all aspects of his care of Mr. Winebarger. (Dep. Tr. Dr. Ahmed, pp. 16-17, 20-21, 55-57, 58-59, 64-68.)

Specifically, the decision of whether Mr. Winebarger should be sent to the ICU or the floor was made by the attending and the chief resident on the neurosurgical service. (Dep. Tr. Dr. Ahmed, pp. 55-57.)

*Conclusions of Law*

The nature of the function being performed by Dr. Ahmed and Dr. Wilkes in providing medical care and treatment to Mr. Winebarger was that of resident physicians in training; both Dr. Ahmed and Dr. Wilkes consulted with and were supervised by an attending physician throughout the course of Mr. Winebarger's treatment and care.

The Commonwealth of Virginia has a strong and well-recognized interest in the training of resident physicians, such as Dr. Ahmed and Dr. Wilkes, in medical specialties including neurosurgery and anesthesiology. *See Gargiulo v. Ohar*, 239 Va. 209, 387 S.E.2d 787 (1990) ("[T]he student function is essential to achievement of the Commonwealth's goal, one undertaken in the public interest, of training and maintaining a pool of specialists skilled in a particular discipline."); *James v. Jane*, 221 Va. 43, 54, 282 S.E.2d 864, 870 (1980) ("[T]he paramount interest of the Commonwealth of Virginia is that the University of Virginia operate a good medical school. . . ."); *see also Lawthorne v. Harlan*, 214 Va. 405, 200 S.E.2d 569 (1973), overruled on other grounds by *First Virginia Bank-Colonial v. Baker*, 225 Va. 72, 301 S.E.2d 8 (1983) (holding that a surgical intern engaged in postdoctoral training at the University of Virginia Hospital was immune from liability for simple negligence);

*Carter v. University of Virginia Health Sys.*, 52 Va. Cir. 416 (Charlottesville 2000) (holding that an anesthesiology resident in her second year of postdoctoral training was acting in a student capacity in providing patient care and was thus entitled to sovereign immunity). *But cf. Lilly v. Brink*, 51 Va. Cir. 444 (Orange County 2000) (denying a second-year resident sovereign immunity where the resident did not discuss the course of treatment with the attending physician prior to the patient's discharge and the attending physician did not supervise the resident during treatment).

In consideration of all of the evidence presented, the court finds that Dr. Ahmed and Dr. Wilkes are entitled to the immunity of the sovereign for the alleged acts of ordinary negligence raised in this action.

## Conclusion

For the foregoing reasons, the Court grants Dr. Ahmed's and Dr. Wilkes's Pleas of Sovereign Immunity with regard to their alleged acts of ordinary negligence.

Endorsements of counsel are dispensed with pursuant to Rule 1:13 of the Supreme Court of Virginia.

The Clerk is directed to send a copy of these Findings of Fact and Conclusions of Law to all Counsel of Record.